# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TRAE COMPTON, | ) | |
| | ) | **ORDER**, |
| Plaintiff, pro se, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| CAPT. REID, et al., | ) | 1:10CV264 |
| | ) | |
| Defendants. | ) | |

Plaintiff, Trae Compton, filed this civil rights action under 42 U.S.C. § 1983 while he was incarcerated in the Guilford County Jail (the Jail). In his original complaint, Plaintiff alleged that he was being wrongfully held in administrative segregation beyond an initial ten-day sentence to segregation for fighting (docket no. 2). He later amended his complaint to add allegations that: (1) the unit where he was housed lacked inmate request forms which were needed for inmates to file grievances, (2) the showers in the Jail were unsanitary and he had been denied hygiene products at the commissary, (3) the Jail did not have emergency evacuation signs or sprinklers, and (4) there were no educational opportunities or classes offered in the Jail (docket no. 17).

Following the filing of the amended complaint, Defendants moved to dismiss this action in its entirety (docket no. 18). They seek to dismiss Plaintiff's claims concerning his housing in administrative segregation, the alleged lack of grievance forms, and the unsanitary conditions in the Jail because claims substantially similar

to those have already been raised by Plaintiff and are being pursued in this court in case 1:10CV213. They ask that those claims be dismissed without prejudice to Plaintiff pursuing them in the earlier-filed case. As for Plaintiff's allegations concerning the educational classes, evacuation signs, and sprinkler system, Defendants ask that those be dismissed with prejudice for failure to state a claim upon which relief can be granted. Plaintiff has filed a response to the motion to dismiss, and it is now before the court for a decision. For the reasons that follow, the motion to dismiss should be granted.[1]

Defendants first seek dismissal of the overlapping claims based on the prior pending action doctrine. That doctrine states that where a case is duplicative of an action already filed in the federal courts, the court may, in its discretion, stay or dismiss the later-filed action. *Curcio v. Hartford Financial Services Group*, 472 F. Supp. 2d 239, 243 (D. Conn. 2007); *Curtis v. DiMaio*, 46 F. Supp. 2d 206, 215 (E.D.N.Y. 1999) ("a federal court may dismiss a suit 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court' or in the same federal court.") (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)). As set out in detail in Defendants' brief, there is significant overlap between the complaints in Plaintiff's two pending

---

[1] Also pending in the case are motions by Defendants seeking relief from fraudulent filings and by Plaintiff to appoint counsel. These motions, which were filed after the motion to dismiss was fully briefed, will be mooted by the court's decision on the motion to dismiss; therefore, they will be denied.

cases. In fact, a review of the two complaints shows that the claims in the complaint in 1:10CV213 more than sufficiently cover Plaintiff's segregation, hygiene, and lack of grievance form claims as raised in 1:10CV264.

Plaintiff's only response on this point is nearly incomprehensible. It reads: "Plaintiff dose not have two of the same claims in this Court 1:10-CV-213 is base on a medical need follow'd by classification awareness 1:10-CV-264 is base on cleaness issues follow by evacuation an classification housing. Plaintiff ask that the court deem as prejudice all allegation made by Defendant's an proceed in forma pauperis." [sic] (docket no. 23 at 2.)

Although it is true that case 1:10CV213 does have medical claims that case 1:10CV264 does not have and that 1:10CV264 sets out fire safety and educational claims that 1:10CV213 does not have, it remains true that there is overlap on the claims of improper administrative segregation, a lack of grievance request forms, and issues of general uncleanliness in the jail. As will be seen, all non-overlapping claims in 1:10CV264 should be dismissed with prejudice, leaving only the overlapping claims. Therefore, the prior pending action doctrine allows the court to dismiss those claims in 1:10CV264. In the interests of judicial economy, it should do so without prejudice to the claims proceeding, if at all, in case 1:10CV213.[2]

---

[2] This is not to say that Plaintiff will ultimately prevail on the claims or that 1:10CV213 will continue beyond any particular point. Defendants have also made a motion for relief from fraudulent filings in that case. They seek, among other sanctions, dismissal of that case. Still, there is no reason to litigate the matter twice. Any arguments on that point can be fully raised and decided in 1:10CV213.

The court also agrees that the remaining claims in this case should be dismissed with prejudice. Defendants request that those claims be dismissed under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A plaintiff fails to state a claim upon which relief may be granted when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*[3]

---

[3] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing pro se complaint). *Accord Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94, and *Iqbal*, 129 S. Ct. at 1950, respectively)), *cert. denied*, ___ U.S. ___, No. 09-8739, 2010 WL 286406 (2010), *and cert. denied*, ___ U.S. ___, No. 09-889, 2010 WL 285700 (2010).

Regarding Plaintiff's allegation that the Jail did not offer classes or educational opportunities for the inmates, there is no constitutional requirement that such classes be offered. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (no Eighth Amendment right to classes); *Hernandez v. Johnston*, 833 F.2d 1316 (9th Cir. 1987) (no due process right to classes). Moreover, as Defendants point out, 42 U.S.C. § 1997e(e) bars the recovery of monetary damages without any physical injury to the prisoner. Plaintiff alleges no such injury, and the court cannot envision a scenario where the lack of educational classes causes him physical injury. At the time the amended complaint was filed, it might have been at least theoretically possible for Plaintiff to obtain injunctive or declaratory relief; however, this is no longer possible because the docket sheet and Plaintiff's recent pleadings show that Plaintiff is now incarcerated in a different facility. *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007) (discussing mootness of declaratory and injunctive relief upon release from a facility). For all of these reasons, the allegation that the Jail did not provide Plaintiff with educational classes fails to state a claim upon which Plaintiff can obtain relief.

Plaintiff's claims that the Jail did not post emergency exit routes or have a sprinkler system are similarly deficient. Defendants state that they failed to locate any authority supporting a constitutional requirement that a jail have marked evacuation routes or a sprinkler system. Even treating Plaintiff's allegations as a more general allegation that his safety was being compromised, the claim still fails. He has again alleged no physical injury, which bars monetary damages for the claim.

Any claims for declaratory or injunctive relief were mooted when he was transferred out of the Jail's custody; therefore, these claims should also be dismissed.

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion for Relief from Fraudulent Filings (docket no. 24) and Plaintiff's Motion for Appointment of Counsel (docket no. 32) are **DENIED** for being moot.

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss (docket no. 18) be **GRANTED**. Furthermore, **IT IS RECOMMENDED** Plaintiff's claims that he was improperly placed in segregated housing, that he was denied grievance request forms, and that he was kept in unclean surroundings **BE DISMISSED WITHOUT PREJUDICE** to them being litigated in case 1:10CV213. Last of all, **IT IS RECOMMENDED** that Plaintiff's claims that his civil rights were violated because he was denied educational opportunities and because the Jail did not contain a sprinkler system or post evacuation routes be **DISMISSED FOR FAILURE TO STATE A CLAIM FOR RELIEF**.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
February 11, 2011